Lafourche Parish Clerk of Court C-141447
Filed Sep 25, 2020 4:28 PM          C
Roxanna Toups
Deputy Clerk of Court

| | |
|---|---|
| WESLEY JEROME PORCHE. | • 17th JUDICIAL DISTRICT COURT |
| | |
| VERUS NO._____ DIV." ___" | • PARISH OF LAFOURCHE |
| OTIS ENGINEERING/HALLIBURTON. SONATRACH BRIGHTHOUSE LIFE INSURANCE DBA.TRAVELERS INSURANCE, COLONIAL PENN, AMERICAN NATIONAL INSURANCE, and ETNA GROUP LIFE INSURANCE. | • STATE OF LOUISIANA |

**PETITION FOR SURVIVAL ACTION AND WRONGFUL DEATH DAMAGES**

NOW INTO COURT, through undersigned counsel, come the Petitioner, WESLEY JEROME PORCHE, a person of full age of majority. Living and residing in the Parish of Terrebonne, State of Louisiana. Who respectfully represent:

1.

This Honorable court has subject matter jurisdiction over this matter and is the proper venue in accordance with La. C.C.P Arts. 42 and 74, and by virtue of the Louisiana. Direct Action statute pursuant to La R.S. 22 §1269 D. B (1) (d).

2.

Made defendants herein are:

A. **Bright House Life Insurance** DBA. **Travelers Insurance Company** A foreign corporation authorized to do business and doing business in the Parish of Terrebonne . State of Louisiana, who insured defendants for defendants' negligent acts that caused injury to the petitioners and having a listed agent for service of process as Louisiana Secretary of State. 8585 Archives Avenue, Baton Rouge.

B. **Colonial Penn Travelers Insurance Company** A foreign corporation authorized to do business and doing business in the Parish of Terrebonne . State of Louisiana, who insured defendants for defendants' negligent acts that caused injury to the petitioners and having a listed agent for service of process as Louisiana Secretary of State. 8585 Archives Avenue, Baton Rouge.

C. **American National Insurance** Company A foreign corporation authorized to do business and doing business in the Parish of Terrebonne . State of Louisiana, who insured defendants for defendants' negligent acts that caused injury to the petitioners and having a listed agent for service of process as Louisiana Secretary of State. 8585 Archives Avenue, Baton Rouge.

1


Certified True and Correct Copy
CertID: 2020093000135

Holly F. Simoneaux
Lafourche Parish
Deputy Clerk of Court

EXHIBIT A

Generated Date:
9/30/2020 1:33 PM

D **Etna Group Life Insurance Company** A foreign corporation authorized to do business and doing business in the Parish of Terrebonne . State of Louisiana, who insured defendants for defendants' negligent acts that caused injury to the petitioners and having a listed agent for service of process as Louisiana Secretary of State. 8585 Archives Avenue, Baton Rouge.

E. **Otis / Halliburton Company** (hereafter -Halliburton) A foreign A foreign corporation authorized to do business and doing business in the Parish of Terrebonne . State of Louisiana, who insured defendants for defendants' negligent acts that caused injury to the petitioners and having a listed agent for service of process as Louisiana Secretary of State. 8585 Archives Avenue, Baton Rouge.

3

The true names and capacities, whether individual, corporate, associate or otherwise, of defendants, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious or other names and capacities as are alleged here in below and will ask leave to amend this complaint upon same being ascertained. Plaintiffs are informed and believe and thereon allege that each of the defendants designated herein is negligently responsible in some manner for the events and happenings herein referred to and negligently caused injury and damage proximately thereby to the plaintiffs as herein alleged.

4

The defendant is truly indebted to the petitioner, severally and in soli Jo, for all damages that are reasonable in the premises, together with legal interest from the date of injury and for all costs of these proceedings, by reason of the following.

5.

The plaintiff Wesley Porche was forced into an adult responsibility at a Young age. It impacted him in many ways, one of which is identified as a springboard into who he is 45 years after this life changing event occurred, Causing mental and emotional damages.

6.

During the year 1975, the plaintiff was a 10-year-old boy from Houma Louisiana, residing overseas with his family in Paris, France where his stepfather Alphonse Loyes Mouton, was fulfilling a 6-year contract for an International oil production company, Otis/Halliburton.

7.

Responding to what became a nearly decade long energy crisis brought on by the OPEC oil embargo of 1973, "his father a venerated company-man "was issued an ultimatum - return to war-torn Algeria to protect corporate interests or turn in his resignation.

8.

Terrorist attacks had become commonplace in Europe and reports of bombings in the middle east and Northern Africa became so regular with civil wars and militant/terrorist uprisings, many news outlets from the United States placed reporting of those confrontations inside the front

2


Certified True and Correct Copy
CertID: 2020093000135

Holly G. Simoneaux
Lafourche Parish
Deputy Clerk of Court

Generated Date:
9/30/2020 1:33 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

9

pages of newspapers as a second block positions on television broadcasts. Alternatively, for those living inside the range of potential death, it was a life-threatening daily experience.

10

Following corporate orders, his father reentered Algeria, where embattlement was aimed not only against the government in power at that time, but any corporate targets regardless of their given citizenship. It was on the 16th day of October 1975, when his mother was notified that her husband had been killed, in a "plane crash, during a monsoon."

11

Consequently, the plaintiff's mother suffered a lifelong mental breakdown, and he became haunted by not knowing what happened or why it did. He then endured responsibilities far beyond his level of maturity or comprehension.

12

This life changing experience psychologically impacted him well into adulthood. Over many years he has collected detailed data regarding his dad's, Mr. Alphonse Ioyes Mouton's, death. With unjustified injuries to include unpaid benefits from, OSHA or ERISA, retirement funds, ultimately denying he and his family due process in wrongful death damages allowed by law, major medical or forgotten fiduciary funds, and OTIS own promised policy's which, did included him as a dependent. what of his Father, as his mother had been told was killed in monsoon. A sealed casket, with no autopsy report or disclosed proof to the family of its content, rests in a Louisiana grave.

13

The plaintiff in this case contends, U. S. both President Gerald Ford and Louisiana governor Edwin Edwards should have been informed of the combative danger involved within Algeria during the year 1975 and have demanded the execution of an official civil investigation into Otis/ Halliburton involving dangerous conditions for corporate employees and their families.

14

At the same time, rather than conducting a full investigation into the previously mentioned matter involving the suspicious death of an Otis/ Halliburton employee, the plaintiff's mother was instructed by Otis Halliburton to secure a local travel agent for addresses locations to file an international complaints, rather than being advise to directly contact the US Consulate.

15

La. Cr.P. § Section 905.4 A. (1) (10)

As the following should be considered an "", however only a reference, as the plaintiff seeks civil damages under an aggravating circumstance, under term with -holding mitigating circumstances.

16

These offenders were part of a coalition terrorists' group, amongst the French civilian community, where the plaintiff was living. Simultaneously witnessing his father's Death and Terrorism at an early age of 10. The unlawful use of violence was used to cause fear and

3


Certified True and
Correct Copy
CertID: 2020093000135

Lafourche Parish
Deputy Clerk of Court

Generated Date:
9/30/2020 1:33 PM

Case 2:20-cv-03170-MLCF-MBN Document 1-1 Filed 11/20/20 Page 4 of 7

intimidation causing incomparable psychological, emotional damages, and undue stress in aggravating circumstance

17

Based on all personal experiences of the plaintiffs family, and backed by reports, including one dated 8th August 1975, that ran in the Guardian out of London, England, witch describe the holding of a seven year old boy by terrorists in Algeria , that made demands of the French government for the young boys release, the plaintiff contents such incidents bear investigating International corporate practices of Otis Halliburton during the 1970s

18

1.The defendant permitting the reckless and negligent Business assignment in a dangerous environment

2.Permitting them to enter a country where employees or incapable to defend themselves.

3.Failing to reasonably maintain caution in a suspected war- zone

4.Alternatively, failing to follow Embassy procedures, and local laws.

5.Failing to keep due to improper Outlook over the employee's welfare.

6.Failing to reasonably supervise its employees to not-operate in hazardous conditions.

7.Failing to reasonably train the employees in a safe manner; as principle responsible for the acts of the defendant to the extent that he was on a mission for the defendant's owners.

8.Failing to act reasonable under these circumstances, call local corselet
And not - comply with local government regulation.

9.Failing to perform an adequate check, including a comprehensive evaluation of the situation before granting them permission to operate in this type of harsh environment. With -held evidence.

10.Such acts and omissions as will be shown in the trial, all of which were in Contravention of the exercise of due care, prudence, and the law of the United States, the Geneva code of ethics, State of Louisiana and Lafourche Parish our specially pleaded as if and as though copied *in extenso.* In the course and scope of his employment, by virtue of the theory of Respondent Superior, said acts of fault, negligence and gross negligence which legally contributed to the accident and injuries sustained herein, and are the proximate cause of the accident and Petitioners' injuries. Past, present and future emotional distress, mental anguish and grief;

19

1. Loss of funds decedent would have used to support, maintain and care for a dependent as heir;
2. Loss of advice, counsel, instruction and services in the home;
3. Inheritance loss;

4

Certified True and Correct Copy
CertID: 2020093000135
Lafourche Parish
Deputy Clerk of Court
Generated Date:
9/30/2020 1:33 PM

4. Loss of past health, mental health and psychological, psychologist psychiatrist mental health, hospitals, stress disorder, insurance and life insurance benefits;
5. Loss of the dependent's life insurance;
6. Loss of child consortium loss of secondary education.
7. The inhuman decision to include a 10-year-old child status of dependent in which was needed for food, water, clothing, and shelter.
8. Past pain and suffering (mental and physical);
9. Loss of enjoyment of life;
10. Mental anguish, fright and pre-impact fear;
11. Inability to cope;
12. Loss of personal possessions damaged in the accident, mental shock
13. Pre-judgment interest;
14. Attorney fees (if applicable)
15. Punitive damages (if applicable)
16. prejudgment interest
17. Loss of child consortium and compensation lor loss of love, companionship. affection, society, solace, moral support and loss of enjoyment of as they pertain to the surviving child, Loss of private education

20

Upon information and belief, the defendants, X,Y,X, INSURANCE, issued a policy of insurance providing coverage to the defendants,

JEFF MILLER CEO AND HALLIBURTON OF LOU1SIANA//TEXAS L.L.C. afforded coverage for liability damages such as those sustained herein, which coverage was in full force and effect on the date of the subject collision, and who is liable for any amount of judgment by way of said contract of insurance agreeing to defend and indemnify the said defendants for such losses sustained by petitioners herein.

21

A Petitioner an adopted stepchild in the proper class of beneficiaries as provided in La. C.C. Art. 2315.1D. (2016) to prosecute a survival action against the defendants for the grievous injuries suffered by WESLEY JEROME PORCHE which culminated in his step fathers death Respectively "see adoption by stopple" of Wesley Jerome Porche by Alphonse Loyes Mouton in the 17 district Court in 1970 by judge Cleveland Marcel . EXIBIT A. EXIBIT B. EXIBIT C. EXIBIT D.

22

The amount in damages suffered by the petitioner exceeds SEVENTY-FIVE THOUSAND AND 00/100 ($75,000.00) DOLLARS, exclusive of interest and costs.


Certified True and Correct Copy
CertID: 2020093000135

Holly G. Simoneaux
Lafourche Parish
Deputy Clerk of Court

Generated Date:
9/30/2020 1:33 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133. and/or RPC Rule 3.3(a)(3).

23

Pursuant to La. C.C. Art. 2315.2, and in the context of the wrongful death action, WESLEY JEROME PORCHE seek damages to compensate the beneficiaries for compensable injuries suffered from the moment of death and thereafter, as follows:

24

Loss of estate accumulation, including contributions to retirement plans; and together with interest from date of judicial demand and lor all costs of these proceedings.

25

Because of the necessity of this legal action, Petitioners aver that they arc entitled to reasonable compensation to expert witnesses for their court appearances and preparatory work, as well as litigation expenses, deposition expenses and consultant fees.

26

Petitioners request a trial by jury.

WHEREFORE, Petitioners, WESLEY JEROME PORCHE , respectfully pray that:

The defendants be served with a copy of this petition and be cited to appear and answer the same within the time delays set by law;

27

After all due delays and legal proceedings had, there be judgment against the defendants. HALLIBURTON Jeff Miller Halliburton Energy Services, Inc and XYX INSURANCE COMPANY'S in favor of Petitioner for damages as provided in Paragraphs 20 and 21 above in the context of the survival action and wrongful death action, and reasonable compensation to expert witnesses for their court appearances and preparatory work, as well as litigation expenses, deposition expenses and consultant fees, together with interest from date of judicial demand and tor all costs of these proceedings.

28

**PETITIONERS FURTHER PRAY** for all general and equitable relief to which they are entitled to under the law. and if necessary, to expedite any expenses for the exhuming the body related to these proceedings' plaintiff requested available assistance to indigent.

6


Certified True and Correct Copy
CertID: 2020093000135

Holly F. Simoneaux
Lafourche Parish
Deputy Clerk of Court

Generated Date:
9/30/2020 1:33 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

Respectfully submitted:

BY. Wesley Jerome Porche

224 Garnet Street Houma, LA 70364

IN PROPER PERSON

985-790-6226

PLEASE SERVE:

Jeff Miller Halliburton Energy Services, Inc.

3000 N Sam Houston Pkwy E, Houston, TX 77032

A. **XYZ ,ALL ABOVE LISTED ABOVE INSURANCE COMPANIES.** A foreign corporation authorized to do business and doing business in the Parish of Terrebonne. State of Louisiana, who insured defendants for defendants' negligent acts that caused injury to the petitioners and having a listed agent for service of process as Louisiana Secretary of State. 8585 Archives Avenue, Baton Rouge.

7

Certified True and Correct Copy
CertID: 2020093000135

Holly F. Simoneaux
Lafourche Parish
Deputy Clerk of Court

Generated Date:
9/30/2020 1:33 PM