```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA
```

WESLEY JEROME PORCHE                                    CIVIL ACTION

v.                                                      NO. 20-3170

HALLIBURTON COMPANY, ET AL.                             SECTION "F"

                            ORDER AND REASONS

    Before the Court are three motions: (1) Aetna Life Insurance Company's motion to dismiss or in the alternative for more definite statement; (2) Brighthouse Life Insurance Company's motion to dismiss for failure to state a claim; and (3) American National Insurance Company's motion to dismiss for failure to state a claim or for more definite statement.[1]  For the reasons that follow, the motions are GRANTED.

                               **Background**

    Wesley Jerome Porche, *pro se*, alleges in his state court petitions that, when he was 10 years old, in 1975, his stepfather died in a plane crash while working for Halliburton Company in Algeria.  Apparently proceeding on the theory that, by estoppel, he was an adopted stepchild of the decedent and therefore may

---

[1] Aetna has adopted the motions to dismiss by Brighthouse and ANIC.

1

invoke Louisiana survival and wrongful death law, Porche seeks to recover, among other things, benefits from various life and other unspecified insurance policies allegedly issued through his stepfather's employment.  Halliburton Company removed the case to this Court on November 20, 2020.  Since then, Halliburton and the insurance company defendants have been granted additional time to respond to the plaintiff's state court petition.[2]  The insurance company defendants now move to dismiss the plaintiff's claims.  Porche has not responded to the motions, despite an order commanding him to do so on pain of dismissal.[3]

I.

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date.  No memoranda in opposition to the insurance company defendants' motions to dismiss, now noticed for submission on January 20, 2021, has been submitted.

On January 5, 2021, the Court continued to January 20 the original January 6 hearing date on the defendants' motions to

---

[2] It appears that two other defendants, Sonatrach and Colonial Penn, have not been served.
[3] See Order dtd. 1/5/21 (continuing the hearing on the defendants' motions to dismiss until January 20, 2021, ordering that any opposition be filed by January 12, and warning that the failure to respond to the motions shall result in granting the motions and dismissing the claims with prejudice).

dismiss, allowing Porche additional time to respond to the motions because he had not filed any papers indicating whether he opposed the motions; the Court additionally noted:

> Nor has Mr. Porche filed anything into the record of this case since it was removed to this Court by Halliburton.
>
> ...
>
> Mr. Porche shall familiarize himself with the Federal Rules of Civil Procedure as well as this Court's Local Rules, which (among other things) impose a deadline for responding to dispositive motions like the insurance company defendants' motions to dismiss. He has failed to comply with the deadline. Nevertheless, the Court shall continue the hearing on the motions to allow Mr. Porche an opportunity to respond and indicate whether he has abandoned his lawsuit.
>
> ...
>
> Any opposition to these motions [to dismiss, set for hearing on January 20, 2021] shall be filed not later than January 12, 2021. **Failure to file any response to the pending motions shall result in granting the motions and dismissing the claims with prejudice.**

See Order dtd. 1/5/21 (footnote omitted, emphasis added).[4]

Still Porche has not filed anything into the record of this proceeding. Accordingly, because the motions to dismiss are unopposed, and further, it appearing to the Court that the motions have merit,[5] IT IS ORDERED: that the motions to dismiss are hereby

---

[4] The docket sheet indicates that the Court's January 5 Order was mailed to Porche at his address of record.

[5] The insurance company defendants' attempts to respond to the plaintiff's allegations are hindered by the fact that the plaintiff fails to allege the existence of any specific policies. (For its

3

GRANTED as unopposed.  The plaintiff's claims against Aetna, Brighthouse, and ANIC are hereby dismissed with prejudice.

New Orleans, Louisiana, January 19, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

part, Brighthouse notes it does not issue liability coverage at all and, if it issued the stepfather's employer's ERISA-governed welfare benefit plan, any claims to recover such benefits are preempted by ERISA or subject to dismissal for plaintiff's failure to timely exhaust such claims.)  The insurance company defendants advance a litany of grounds in favor of dismissal, including that they were not liability insurers of the plaintiff's stepfather's employer and they are not properly sued under the Louisiana direct action statute.  Most persuasive are the defendants' well supported contentions that: (i) the plaintiff fails to state a plausible claim for relief under the Louisiana survival and wrongful death statutes because his theory of adoption by estoppel fails under a strict construction of the statutory damages remedies (Porche as an unadopted stepson is not within the class of beneficiaries entitled to bring a survival or wrongful death action under Louisiana law); and (ii) any claims being pursued 44 years after his stepfather's death are plainly time-barred under the one-year prescription period applicable to survival or wrongful death claims or the 10-year prescriptive period applicable to any sort of contractual claim.